UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

JAMES ANGUS, et al.,

        Plaintiffs,

    v.

JOHN CRANE INC.,

        Defendant.

Case No. 16-cv-03532-JST

**ORDER GRANTING MOTION TO REMAND**

Re: ECF No. 15

Before the Court is Plaintiffs' Motion to Remand.  ECF No. 15.  The Court will grant the motion.

## I.     BACKGROUND

Plaintiffs are citizens of Virginia.  ECF No. 1 ¶ 7.  Defendant, a business organized under the laws of Delaware, has its principal place of business in Illinois.  Id.

On July 9, 2014, Plaintiffs filed this asbestos action in San Francisco Superior Court.  ECF No. 1-1 at 4.  Nearly two years later, on June 23, 2016, Defendant John Crane Inc. ("John Crane") removed this case to federal court on the basis of diversity jurisdiction.  ECF No. 1.  Defendant's Notice of Removal was filed four days before trial was set to begin on June 27, 2016.  ECF No. 17 at 2.

On June 30, 2016, Plaintiffs filed a motion to remand, ECF No. 15, which motion the Court now considers.

## II.     LEGAL STANDARD

A defendant may remove a civil action filed in State court to federal district court so long as the district court could have exercised original jurisdiction over the matter.  28 U.S.C. § 1441(a).  "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance."  Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992).  There is "a 'strong

presumption against removal jurisdiction [which] means that the defendant always has the burden

of establishing that removal is proper.'" Geographic Expeditions, Inc. v. Estate of Lhotka ex rel.

Lhotka, 599 F.3d 1102, 1107 (9th Cir. 2010) (quoting Gaus, 980 F.2d at 566).

**III.    ANALYSIS**

**A.    Motion to Remand**

"[A]ny civil action brought in a State court of which the district courts of the United States

have original jurisdiction, may be removed by the defendant or the defendants, to the district court

of the United States for the district and division embracing the place where such action is

pending." 28 U.S.C. § 1441(a).  However, "[a] civil action otherwise removable solely on the

basis of [diversity jurisdiction] may not be removed if any of the parties in interest properly joined

and served as defendants is a citizen of the State in which such action is brought."  28 U.S.C. §

1441(b)(2). "[I]f the case stated by the initial pleading is not removable, a notice of removal may

be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of

an amended pleading, motion, order or other paper from which it may first be ascertained that the

case is one which is or has become removable." 28 U.S.C. § 1446(b)(3).  Nonetheless, "[a] case

may not be removed under subsection (b)(3) on the basis of [diversity jurisdiction] more than 1

year after commencement of the action, unless the district court finds that the plaintiff has acted in

bad faith in order to prevent a defendant from removing the action." 28 U.S.C. § 1446(c)(1).

According to Defendant, this case was "not initially removable because Plaintiffs joined

and served several defendants who were citizens of California." ECF No. 1 ¶8; 28 U.S.C.

§1441(b)(2).  Defendant asserts that it first became aware that this case was properly removable

under 28 U.S.C. § 1446(b)(3) on June 6, 2016 when "Plaintiffs served and filed their Trial Brief"

listing only non-California Defendants. ECF No. 1 ¶8.  Defendant asserts that removal was proper

because it filed a Notice of Removal on June 23, 2016, within 30 days from the date on which

Defendant first ascertained that the case had become removable, as required by 28 U.S.C. §

1446(b)(3).

Plaintiffs argue that removal is barred by 28 U.S.C. § 1446(c)(1), which forbids removal

on the basis of diversity jurisdiction "more than 1 year after commencement of [an] action, unless

2

United States District Court
Northern District of California

1    the district court finds that the plaintiff has acted in bad faith in order to prevent a defendant from

2    removing the action." Defendant does not contest that 28 U.S.C. § 1446(c)(1) would generally

3    apply to the facts of this case.  Rather, Defendant argues that the one year bar should not be

4    applied here because Plaintiffs have acted in bad faith to prevent removal.  ECF No. 16 at 7–9.  In

5    particular, Defendant asserts that "Plaintiffs acted in bad faith by joining California citizens as

6    defendants to prevent removal when they knew they did not have facts to succeed on any of the

7    claims against those California defendants."  Id. at 8.  This is simply not true.

8        For instance, Defendant admits that Thomas Dee Engineering Company ("Dee") was a

9    properly-served California defendant which had not yet been dismissed from the case within a

10   year of its commencement.  Id.  Defendant asserts that "at his deposition, [Mr. Angus] denied

11   recognition of Thomas Dee . . . ."  Id.  Defendant argues that "[r]egardless of the above lack of

12   requisite facts to succeed on claims against [this]California defendant[], Plaintiffs kept [Dee] in

13   this case until after the one-year deadline to Remove."  Id. at 8–9.  However, as Plaintiffs assert in

14   their Reply brief, which Defendant has not contested, "the last remaining California defendant,

15   [Dee,] was dismissed after settling with plaintiffs and paying the amount of $10,000.00.  The basis

16   for naming Dee as a defendant and the basis for its liability is that it was the boiler contractor on

17   the USS BOYD in 1963 and Mr. Angus was a Boiler Tender on that ship from 1968-1969.  He

18   was exposed to asbestos materials that Dee previously installed."  ECF No. 17 at 3.  Based on

19   these allegations, the Court concludes that Plaintiffs did not act in bad faith in joining California-

20   defendant Dee.

21       As a result, the Court concludes that it lacks jurisdiction over this matter because

22   Defendant removed this case "more than 1 year after commencement of the action."  28 U.S.C. §

23   1446(c)(1).  Accordingly, the Court will grant Plaintiffs' motion to remand.[1]

24       **B.    Attorneys' Fees and Costs**

25       Plaintiffs have also moved for an award of attorneys' fees and costs.  ECF No. 15 at 5.

26

27

28

---

[1] The Court rejects Defendant's estoppel argument because Defendant cites no authority estopping a plaintiff from moving to remand a case to state court based on the plaintiff's "filing of a parallel case in Federal Court."  ECF No. 16 at 6.

"[A]n order remanding [a] case may require payment of just costs and any actual expenses, including attorney's fees, incurred as a result of removal." 28 U.S.C. § 1447(c). "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied." Martin v. Franklin Capital Corp., 546 U.S. 132, 141 (2005). A finding of bad faith on the part of the removing party is not required. Moore v. Permanente Med. Grp., Inc., 981 F.2d 443, 447 (9th Cir. 1992). "The appropriate test for awarding fees under § 1447(c) should recognize the desire to deter removals sought for the purpose of prolonging litigation and imposing costs on the opposing party, while not undermining Congress' basic decision to afford defendants a right to remove as a general matter, when the statutory criteria are satisfied." Id.

In this case, Defendant's theory of removal was so flawed as to be objectively unreasonable. Moreover, Defendant appears to have acted in bad faith, waiting until four days before trial was to commence before filing its Notice of Removal. Plaintiffs' request for an award of attorneys' fees and costs is therefore granted.

Plaintiffs shall submit either a stipulated request for entry of an order for a specific amount of fees and costs, or an itemized application for fees and costs, by September 9, 2016. If Plaintiffs submit a contested application, Defendants may file written objections by September 23, 2016. Plaintiffs may reply by September 30, 2016. At that time, the Court will take the matter under submission.[2]

IT IS SO ORDERED.

Dated: August 22, 2016

_____
JON S. TIGAR
United States District Judge

---

[2] A district court retains jurisdiction to award costs and fees pursuant to section 1447(c) after remand. Moore, 981 F.2d at 445.

United States District Court
Northern District of California